## THE STATE OF MARYLAND *vs.* GEORGE W. BOWERS.

*Writ of Error—Delay in Applying for Writ—Dismissal of Writ—Rule 28, Relating to Appeals.*

Rule 27, Relating to Appeals, requires appeals in civil cases to be taken within two months from the date of the judgment. Rule 28, provides that "the aforegoing rule shall not apply to criminal cases, but in all such cases the appeal or writ of error allowed by law, shall be taken *without delay*, and the transcript of the record shall, forthwith, or as soon as the same can be made out, be transmitted to the Court of Appeals." A demurrer to an indictment was sustained and the indictment quashed on the 10th of March, 1886. On the 1st of April following, the State sued out a writ of error to have the case reviewed by the Court of Appeals. On a motion to dismiss the writ of error, upon the ground that it was not taken *without delay*, it was HELD:

That the delay of twenty-one days in suing out the writ after judgment rendered, was an infraction of the rule, and the motion to dismiss should prevail.

APPEAL as upon Writ of Error, from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*Frank C. Norwood, State's Attorney for Frederick County,* for the appellant.

*Milton G. Urner,* for the appellee.

MILLER, J., delivered the opinion of the Court.

George W. Bowers was indicted for violating the Act of 1864, ch. 184, a local law which prohibits the sale of

intoxicating liquors within three miles of either of the churches in the village of Myersville, in Frederick County. He demurred to the indictment and the Court sustained his demurrer and quashed the indictment. This judgment was rendered on the 10th of March, 1886, and on the 1st of April following, the State sued out a writ of error to bring the case to this Court for review. The defendant in error has now moved to dismiss the writ upon the ground that it was not taken "without delay," under Rule 28, Relating to Appeals.

The preceding Rule 27, requires appeals in civil cases to be taken within two months from the date of the judgment, but this Rule 28 provides that "the aforegoing rule shall not apply to criminal cases, but in all such cases the appeal or writ of error, allowed by law, shall be taken *without delay*, and the transcript of the record shall forthwith, or as soon as the same can be made out, be transmitted to the Court of Appeals."

It is very desirable, and for obvious reasons, that criminal cases should be disposed of as speedily as possible after trial, and that no unnecessary delays should be interposed by appeals or writs of error. Hence the Legislature when, by the Act of 1872, ch. 316, it allowed exceptions to the rulings of the Court in criminal cases and an appeal as in civil cases, was careful to provide that such appeals "shall be heard by the Court of Appeals at the earliest convenient day after the same shall have been transmitted to said Court." It was to carry out this purpose of preventing delay, that the rule in question was adopted. It prescribes no precise time within which an appeal or writ of error shall be taken after the ruling or judgment complained of is rendered, but requires it to be taken without delay and the record transmitted as soon as it can be made out, and makes no distinction between an appeal or writ of error taken by the State and one taken by the accused. What will amount to delay within the rule must be de-

termined by the character of each case as it arises. A longer time will be allowed where the exceptions are numerous, or where the case is such that time is required for preparing the petition for a writ of error. But in a simple case like this, where the petition could easily be prepared in less than an hour, a delay of twenty-one days is unquestionably an infraction of the rule and the motion to dismiss must prevail.

*Writ of Error dismissed.*

