(Decided 28th May, 1886.)

## STATE OF MARYLAND *vs.* ALBERT LONG.

*Writ of Error—Delay in applging for Writ—Dismissal of Writ—Rule 28, Relating to Appeals.*

Where on a demurrer to an indictment, the Court gave judgment sustaining the demurrer on the 10th of March, 1886, and a writ of error was not applied for until the 17th of April following, the writ will be dismissed by the Appellate Court, for the reason that the delay of thirty-seven days between the judgment and the application for the writ, was an infraction of rule twenty-eight, Relating to Appeals, which requires that in criminal cases the appeal or writ of error allowed by law, shall be taken *without delay.*

APPEAL as upon Writ of Error, from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J., for the appellant, and submitted on brief for the appellee.

*Frank C. Norwood, State's Attorney for Frederick County,* for the appellant.

*Milton G. Urner,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The motion to dismiss made in this case must be sustained for the reasons stated in the case of *State vs. Bowers,* just decided. The defendant in error was indicted under the Act of 1866, ch. 104, a local law which prohibits the sale of spirituous or fermented liquors within three miles of either of the churches in the village of Wolfsville, in Frederick County. 'He demurred to the indictment and the Court gave judgment sustaining the demurrer on the 10th of March, 1886, but the writ of error was not applied for until the 17th of April following. A longer period of time intervened between the judgment and the application for the writ than occurred in the case of *State vs. Bowers,* and all that was said in that case applies therefore *a fortiori* to this.

*Writ of Error dismissed.*

(Decided 28th May, 1886.)