MARTIN J. CLARK, HEZEKIAH S. BEST, and JOHN W. McMAHON *vs.* THE STATE OF MARYLAND.

*Appeals in Criminal Cases—Rule 28, of the Court of Appeals—Delay in taking Appeal—Assent of Counsel—Entry of Nunc pro Tunc.*

Rule 28, of the Court of Appeals provides, that in criminal cases " the appeal or writ of error allowed by law, shall be taken without delay, and the transcript of the record shall forthwith, or as soon as the same can be made out, be transmitted to the Court of Appeals." A verdict was rendered on the 21st of June, 1887, and the docket entries showed that exceptions were noted as taken on that day, and that on the same day an appeal was prayed, and affidavit entered that it was not taken for delay. The record was not transmitted to the Court of Appeals until the 24th day of October following. The exceptions were not filed until the first of said month, and seemingly they were so withheld with the assent of the Counsel for the State. By an affidavit of the Clerk it appeared that the prayer for appeal, and affidavit that the same was not taken for delay, were not filed until the day the record was actually transmitted to the Court of Appeals, and the entry was made *nunc pro tunc*, as of the 21st of June, 1887. On a motion to dismiss the appeal, it was HELD :

1st. That, assuming that the record was correct and true in regard to the time when the exceptions were noted, the appeal taken, and the affidavit filed, the record was not transmitted with that promptness which the rule contemplates.

2nd. That the assent of counsel to the delay in filing the bills of exception could not set aside the requirements of the rule.

By an affidavit of the Clerk, it appeared that the prayer for appeal, and affidavit that the same was not taken for delay, were not taken and filed until the day the record was actually transmitted to the Court of Appeals, and the entry was made *nunc pro tunc*, as of the 21st of June. HELD :

That the practice of doing so long after verdict what the law requires to be done " without delay," and then noting it as if the law had been complied with, cannot be sanctioned.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*T. C. Ruddell,* for the appellants.

*Charles B. Roberts, Attorney-General,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The motion of the Attorney-General to dismiss this appeal must prevail. The 28th rule of this Court provides that in criminal cases " the appeal or writ of error allowed by law, shall be taken *without delay,* and the transcript of the record shall *forthwith,* or as soon as the same can be made out, be transmitted to the Court of Appeals." In the case of the *State vs. Bowers,* 65 *Md.,* 363, the writ of error was sued out twenty-one days after judgment rendered, and this Court said the same was not sued out without delay as provided by the rule and the writ was 'dismissed. In that case the Court says that, "what will amount to delay within the rule must be determined by the character of each case as it arises. A longer time will be allowed where the exceptions are numerous, or where the case is such that time is required for preparing the petition or writ of error." But in a simple case like that was, the delay indulged was " unquestionably an infraction of the rule." The same ruling was followed in *State vs. Long,* 65 *Md.,* 365, where there was a delay of over thirty days.

We see nothing in this case to relieve it from the requirements of the rule and the construction given to it in the decisions cited. The verdict was rendered on the 21st day of June, 1887, yet the record was not transmitted to this

Clark, *et al. vs.* State.

Court until the twenty-fourth day of October following, more than four months after verdict rendered. By the docket entries the exceptions are noted as taken on the twenty-first day of June, and the appeal prayed and affidavit that it was not taken for delay is entered as of the same day. Now assuming the record in that regard to be absolutely correct and true, then the record was not transmitted with that promptness which the rule contemplates. That this was not the fault of the clerk is apparent from the fact that the bills of exception were not actually filed until the first day of October. These exceptions are simple and there is no allegation that time was consumed in preparation, and obtaining the signature of the Judge. Counsel simply withheld them until that time on the theory that it would make no difference as this Court was not then in session, as is claimed by the counsel for appellants; and which it seems was with the assent of counsel for the State. But assent of counsel cannot set aside the requirements of the rule, made to secure strict compliance with law in such case provided. In point of fact, however, according to the affidavit of the clerk, the prayer for appeal and affidavit that the same was not taken for delay, was not taken and filed until the day the record was actually transmitted to the Court of Appeals, and the entry was made "*nunc pro tunc,*" as of the 21st of June. Thus it appears the prayer for appeal and affidavit that it was not taken for delay, was in fact not made and taken for four months after verdict rendered, a much longer period than the delay in either of the cases we have cited. The practice of doing so long after verdict, what the law requires to be done " without delay," and then noting it as if the law had been complied with cannot be sanctioned. Such a method of avoiding the requirements of the law and the rule of the Court is justly censurable, as making the law " of no effect."

*Appeal dismissed.*

(Decided 16th December, 1887.)