STATE OF MARYLAND *vs.* JAMES S. BAER.

*Appeal as upon Writ of Error—Delay—Rule* 28, *respecting Appeals or Writs of Error in Criminal Cases.*

A delay of thirty-two days in applying for an appeal as upon writ of error, is a violation of Rule 28, respecting appeals in criminal cases, and the appeal will be dismissed.

In such case the petition and assignment of errors will be dismissed by the Court without motion by the defendant.

APPEAL as upon Writ of Error, from the Circuit Court for Carroll County.

·The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*D. N. Henning, State's Attorney for Carroll County,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellant.

*William A. McKellip, Harry M. Clabaugh,* and *Charles B. Roberts,* for the appellee.

STONE, J., delivered the opinion of the Court.

The traverser, Baer, was indicted in Carroll County for a nuisance. He demurred generally to the indictment *on 6th December,* 1888, and on the same day the Court sustained the demurrer, and discharged the prisoner.

On the 8th of January, 1889, *thirty-two days* after the demurrer was sustained, the State filed a petition

for writ of error, assigning for cause of error, that the Court had adjudged that the indictment did not sufficiently allege that the traverser had committed a nuisance or 'misdemeanor. The causes of error assigned are of the most general character, and might have been prepared as well in an hour or two as a month.

The case has been submitted to this Court without any oral argument, and without a motion to dismiss the appeal.

In *State vs. Bowers,* 65 *Md.,* 363, this Court decided that in a simple case like that the delay of twenty-one days in taking the appeal was an infraction of Rule 28 regulating appeals in *Criminal* cases. This case is equally as simple as that, and the delay of thirty-two days is a clear violation of Rule 28.

The only question is, whether we should, of our own motion, dismiss the petition in error.

It would be a most violent presumption for us to presume that the traverser intended or wished to waive the clear legal right he had to have this case dismissed on motion, and without such consent, we think it would be manifestly unjust to him for us to deprive him of that right, when we see clearly from the record before us that he would be entitled to it, if he had asked it. The omission to do so is probably the result of inadvertence, arising from the fact that the case was not argued before us.

Criminal cases, involving as they do important rights of both the accused and the State, stand upon a different footing from civil cases, as to the right of appeal, and the 28th Rule was framed for the express purpose of disposing of them with all practicable speed.

We are unwilling to encourage a violation of this Rule, certainly without consent and full knowledge of

the right—with or without a motion to dismiss, and the petition in error in this case must be dismissed.

*Petition and assignment of error*
*dismissed.*

(Decided 16th April, 1889.)